O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LAZERRE STEWART,                 )     CASE NO. CV 14-2478 RZ
                 Petitioner,     )
                                 )     MEMORANDUM AND ORDER
        vs.                      )     DENYING PETITION FOR WRIT OF
                                 )     HABEAS CORPUS
STEVE COX, Warden,               )
                                 )
                 Respondent.     )
_____   )

Petitioner, LaZerre Stewart, a state prisoner in the custody of the California Department of Corrections, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 on April 2, 2014.  The parties have consented to have the undersigned conduct all proceedings in this case, including the resolution of all dispositive matters.

**I.**

A Los Angeles County Superior Court jury found Petitioner guilty of assault by means likely to produce great bodily injury and misdemeanor sexual battery (CAL. PENAL CODE §§ 245(a)(1), 243.4(e)).  (Clerk's Transcript ["CT"] 83-84.)  The jury also found that Petitioner personally inflicted great bodily injury upon the victim during the commission of the assault (CAL. PENAL CODE § 12022.7(a)).  (*Id.*)  Petitioner subsequently

admitted to having suffered a prior serious or violent felony conviction for committing a lewd or lascivious act with a child and to having served a prior prison sentence (CAL. PENAL CODE §§ 667, 667.5, 1170.12). Petitioner was sentenced to fourteen years in state prison. (*Id.* at 177.)

After exhausting his state court remedies, Petitioner filed the current Petition. Thereafter, he filed a First Amended Petition. The Court assesses the First Amended Petition pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. § 2254. Under the AEDPA, a federal court shall presume that a determination of factual issues made by a State court is correct, and a petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## II.

The facts underlying Petitioner's conviction are set forth in the California Court of Appeal's opinion affirming his conviction. (Lodged Doc. No. 2.) The Court of Appeal's statement of facts, summarized below, is reasonably supported by the record.

On an afternoon in May of 2011, Karen Arevalo-Garcia, a twenty-three year old woman, weighing approximately one hundred pounds and standing less than five feet tall, was riding on a public bus in Van Nuys. Petitioner, a "big guy" who weighed approximately 230 pounds, sat down next to her and spoke to her. Arevalo, who spoke only Spanish, did not understand Petitioner and tried to ignore him. Nevertheless, Petitioner continued talking to her.

When the bus reached the metro station, Arevalo transferred to a crowded Red Line train. Petitioner followed her, and stood four feet behind her. She then felt someone forcefully grab her buttocks from behind. She immediately turned around and found herself face-to-face with Petitioner. Petitioner then began tugging on Arevalo's purse, while she struggled to hold on to it. Next, Petitioner punched her in the left eye with a closed fist and left the train car. A nearby police officer, who noticed the ensuing commotion, went after Petitioner and apprehended him within ten minutes.

As a result of Petitioner's punch, Arevalo's eye became swollen and discolored.  It remained black and blue for two to three weeks.  She experienced immediate pain and dizziness from the punch, and she had headaches for two weeks.

### III.

Petitioner raises two separate challenges to the evidence supporting the jury's verdict.  First, he maintains that the prosecutor failed to introduce sufficient evidence to prove the allegation that Petitioner inflicted great bodily injury upon his victim.  In Petitioner's view, his use of force did not rise to the level of force needed to support a finding that he inflicted great bodily injury.  Although Petitioner acknowledges that his attack on the victim caused her to sustain bruising and swelling in her eye and to experience prolonged headaches, he nevertheless contends that her injuries cannot support the jury's findings because they were not permanent.  Additionally, he notes that the victim suffered no broken bones, lacerations, bleeding, loss of consciousness, or scarring, nor did she receive follow up medical treatment.  As such, Petitioner concludes that the victim did not suffer great bodily injury as defined by California law; consequently, he believes there is no evidentiary basis to support the jury's finding that he inflicted great bodily injury.

Second, Petitioner contends that the evidence was insufficient to prove that he committed the crime of misdemeanor sexual battery.  He concedes that the charged crime was committed; however, he argues that no evidence was offered to show that he – as opposed to someone else on the train – committed the criminal act.  In support of this argument, he notes that no one, including the victim herself, testified that they saw him grab the victim.  Instead, the evidence showed that the victim turned around after she was grabbed and saw Petitioner standing next to her.  Petitioner maintains that the victim's testimony in the regard was insufficient as a matter of law to allow the jury to conclude that he was the person who grabbed her.  The Court of Appeal rejected both of Petitioner's sufficiency of the evidence claims on their respective merits.  As explained below, the Court of Appeal did not commit constitutional error in rejecting either claim.

Habeas relief is unavailable on a sufficiency of the evidence challenge unless "no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U.S. __, 132 S. Ct. 2 (2011) (per curiam); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). All evidence must be considered in the light most favorable to the prosecution. *Jackson*, 443 U.S. at 319. Accordingly, if the facts support conflicting inferences, reviewing courts "must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Id.* at 326; *Bruce v. Terhune*, 376 F.3d 950, 957 (9th Cir. 2004) (per curiam); *Turner v. Calderon*, 281 F.3d 851, 882 (9th Cir. 2002). Under AEDPA, federal courts must "apply the standards of *Jackson* with an additional layer of deference." *Juan H. v. Allen*, 408 F.3d 1262, 1274 (9th Cir. 2005).

Furthermore, circumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction. *See Jones v. Wood*, 207 F.3d 557, 563 (9th Cir. 2000) (finding sufficient evidence for murder conviction where "evidence was almost entirely circumstantial and relatively weak"). The reviewing court must respect the exclusive province of the factfinder to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts. *See United States v. Goode*, 814 F.2d 1353, 1355 (9th Cir. 1987).

Here, the Court of Appeal reasonably rejected both of Petitioner's sufficiency of the evidence claims. First, the evidence at trial supported the jury's finding that Petitioner's conduct caused the victim great bodily injury. In California, "great bodily injury" is defined as "a significant or substantial physical injury." CAL. PENAL CODE § 12022.7(f); *People v. Cross*, 45 Cal. 4th 58, 63, 82 Cal. Rptr. 3d 373 (2008). California cases have observed that a "plain reading" of section 12022.7(f) "indicates the Legislature intended it to be applied broadly." *Id.* at 66 n.3. Moreover, to be considered significant or substantial, the injury need not cause permanent, prolonged, or protracted disfigurement, impairment, or loss of bodily function. *People v. Escobar*, 3 Cal. 4th 740, 749-50, 12 Cal. Rptr. 2d 586 (1992). Nor does it need to meet any particular standard for

1    severity or duration; instead, it need only be "a substantial injury beyond that inherent in

2    the offense itself[.]'" *People v. Le*, 137 Cal. App. 4th 54, 59, 39 Cal. Rptr. 3d 741 (2006).

3          Based on the evidence adduced at trial, the jury reasonably could conclude

4    that the victim suffered great bodily injury.  Petitioner's punch caused the victim's eye to

5    become "really swollen," and "the whole eye was really black."  According to the victim's

6    testimony, her eye remained black and blue for two to three weeks.  She also testified that,

7    as a result of the attack, she had headaches for approximately two weeks.  Furthermore,

8    the injury caused the victim to experience immediate pain and dizziness.  A witness who

9    examined the victim in the aftermath of the attack noted that her eye was swollen, red, and

10   discolored.  And, a police officer observed that the victim was holding her eye, crying, and

11   complaining of pain.  The weight of this evidence was more than enough to support the

12   jury's finding that Petitioner inflicted great bodily injury upon the victim. *See*, *e.g.*, *People*

13   *v. Washington*, 210 Cal. App. 4th 1042, 1047, 148 Cal. Rptr. 3d 748 (2012) ("An

14   examination of California case law reveals that some physical pain or damage, such as

15   lacerations, bruises, or abrasions is sufficient for a finding of 'great bodily injury.'").

16         Moreover, the injury to the victim went well beyond that inherent in the crime

17   of assault with force likely to produce great bodily injury.  Indeed, as the Court of Appeal

18   explained, that crime does not require actual injury.  Although Petitioner insists that, under

19   California law, the injury must be of the type not routinely associated with the crime and

20   must reflect a degree of brutality and violence substantially beyond that necessarily present

21   in the offense, the Court of Appeal rejected this interpretation of law.  This Court is bound

22   by the Court of Appeal's interpretation of California law.  *See Bradshaw v. Richey*, 546

23   U.S. 74, 76 (2005) (per curiam) (stating that "a state court's interpretation of state law,

24   including one announced on direct appeal of the challenged conviction, binds a federal

25   court sitting in habeas corpus").  In sum, the Court of Appeal reasonably concluded that

26   the evidence was sufficient to support the jury's finding that Petitioner inflicted great

27   bodily injury.

28

Second, there was ample circumstantial evidence to show that Petitioner was the person who groped the victim.  Petitioner had taken an interest in the victim when the two were on the first bus, even though the victim tried to ignore him.  And, when the victim left the bus to board a metro train, Petitioner followed her and stood within a few feet of her.  More importantly, when the victim was assaulted, she immediately turned around to find herself face-to-face with Petitioner.  Petitioner's subsequent actions, moreover, supported a reasonable inference that he was the person who had assaulted the victim.  Indeed, he grabbed at her purse and then punched her in the eye.  Given this evidence, the jury reasonably concluded that Petitioner was the person who committed the charged sexual assault.

Accordingly, the state courts' rejection on Petitioner's sufficiency of the evidence claims was neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the Supreme Court.  *See* 28 U.S.C. § 2254(d).

## IV.

In his final claim for relief, Petitioner alleges that the trial court deprived him of his right to due process by refusing to exercise its discretion under state law to strike one of his prior convictions for sentencing purposes.  According to Petitioner, the prior conviction, which occurred in 1993 when he was twenty-one years old, should have been stricken because it was remote in time to his current conviction.  Moreover, Petitioner believes that his current crime was relatively minor when compared to his 1993 conviction, which involved committing a lewd or lascivious act upon a child under fourteen years of age.  He also argues that striking the 1993 conviction was warranted in light of his efforts to better himself through education and employment in the years following the 1993 conviction.

The Court of Appeal did not commit constitutional error in rejecting Petitioner's challenge to the trial court's decision against striking his prior conviction.  Matters relating to state sentencing law generally are not cognizable on federal habeas

review.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court decisions on state-law grounds.").  A petitioner's contention that a state trial court improperly exercised its discretion under state sentencing law generally does not allege any cognizable claim for federal habeas relief.  *See Brown v. Mayle*, 283 F.3d 1019, 1040 (9th Cir. 2002), *vacated on other grounds*, 538 U.S. 901 (2003), *remanded to* 66 F. App'x 136 (9th Cir. 2003) (claim that trial court abused its discretion by failing to strike prior conviction alleged under Three Strikes Law not cognizable on federal habeas review).  Nonetheless, a state court's misapplication of state sentencing law may violate due process if "[the error] is so arbitrary or capricious as to constitute an independent due process" violation.  *Richmond v. Lewis*, 506 U.S. 40, 50 (1992).

Here, Petitioner has not shown that the trial court misapplied California's sentencing laws.  On the contrary, the Court of Appeal held that the trial court's decision was proper under California law.  The Court of Appeal's holding in that regard is binding on this Court.  *See Bradshaw*, 546 U.S. at 76.

Moreover, Petitioner's sentence did not result in fundamental unfairness, nor was it arbitrary or capricious.  Petitioner had a long criminal history, dating back to 1992.  That history evidenced a pattern of targeting young girls.  Indeed, his criminal history included convictions for false imprisonment with violence and for committing a lewd or lascivious act with a child under fourteen years of age.  In connection with the first of those two convictions, Petitioner was alleged to have pulled a thirteen-year-old girl from a bus stop into his car, driven off with her, and insisted that she disrobe.  The victim in that case escaped by jumping from Petitioner's car.  In connection with his 1993 conviction for committing a lewd or lascivious act with a child under fourteen years of age, Petitioner engaged in a sexual relationship with a thirteen-year-old girl whom he was alleged to have raped on at least one occasion.  In addition, he had suffered convictions for contributing to the delinquency of a minor, grand theft of a vehicle, and carrying a concealed dirk or dagger.

Furthermore, contrary to Petitioner's arguments, the circumstances underlying his current crime also support the trial court's refusal to strike his prior conviction. In the current case, he sexually assaulted a young woman, and, when she objected, he punched her so hard in her eye that it became swollen and discolored and remained black and blue for two to three weeks. Notably, Petitioner's victim was less than five feet tall and weighed approximately 130 pounds less than Petitioner, who was, according to trial testimony, a "big guy." Given these circumstances, the trial court did not deprive Petitioner of any constitutional right by declining to exercise its discretion to strike his prior conviction, and its decision against doing so did not result in a fundamentally unfair sentence.

Accordingly, the state courts' rejection of Petitioner's sentencing claim was neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the Supreme Court.

### V. ORDER

For the foregoing reasons, the undersigned orders that judgment be entered denying the First Amended Petition with prejudice.

DATED:   12/29/14

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE